Dear Mr. Berthelot:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 Who may set quotas as to the amount of traffic tickets that must be written within a particular shift or time period?
Your question was addressed in Attorney General Opinion No. 88-115. In that opinion, this office held that under La. R.S.33:423[1], the chief of police of a Lawrason Act municipality[2] is charged with the general responsibility for law enforcement, and the obligation to enforce municipal ordinances and applicable state laws. The opinion further held that the chief of police's authority includes the ability to set quotas for traffic tickets, and that the town council may not limit or restrict that authority by attempting to set their own quotas. This conclusion was founded not only upon the language of the statute itself, but also on two Louisiana Supreme Court decisions that unequivocally established the chief of police as having supervisory power over the entire operation of the police department. See Lentini v. City of Kenner, 211 So.2d 311 (La. 1968) and Cogswell v. Town of Logansport, 321 So.2d 774 (La.App. 2 Cir. 1975). This office confirmed its determination in a subsequent opinion, No. 93-13, which also dealt with the authority of the town council to limit the Chief of Police's power.
Therefore, it is the opinion of this office that the chief of police of a Lawrason Act municipality has the authority to set quotas for the amount of traffic tickets that must be issued within a certain period of time, as part of his power to control the enforcement of state laws and municipal ordinances under La. R.S. 33:423.
I hope this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: FREDERICK A. DUHY Assistant Attorney General
[1] La. R.S. 33:423 states, in pertinent part, "The marshall shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws."
[2] The town of Brusley was incorporated under the Lawrason Act in 1901.